IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL CRUMBLE,** | : | |
| Plaintiff | : | No. 1:24-cv-01310 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **UNITED STATES OF AMERICA, <u>et al.</u>,** | : | |
| Defendants | : | |

# ORDER

**AND NOW**, on this 9th day of December 2025, upon consideration of pro se Plaintiff Michael Crumble ("Crumble")'s complaint, two (2) applications for leave to proceed <u>in forma pauperis</u> (Doc. Nos. 2, 6), and certified prisoner trust fund account statement (Doc. No. 8), and for the reasons stated in the accompanying Memorandum, **IT IS ORDERED THAT**:

1. Crumble's first application for leave to proceed <u>in forma pauperis</u> (Doc. No. 2) is **DENIED WITHOUT PREJUDICE**;

2. Crumble's second application for leave to proceed <u>in forma pauperis</u> ("IFP Application") (Doc. No. 6) is **GRANTED**, and he has leave to proceed <u>in forma pauperis</u> in this action;

3. Crumble **SHALL PAY** the full filing fee of $350.00, based on the financial information provided in the IFP Application and certified prisoner trust fund account statement. The full filing fee shall be paid regardless of the outcome of the litigation. Pursuant to 28 U.S.C. § 1915(b)(1) and (2), the Warden, or other appropriate official at Crumble's place of confinement is directed to deduct an initial partial filing fee of 20% of the greater of:

   (A) the average monthly deposits in Crumble's prison account for the past six (6) months, or

   (B) the average monthly balance in Crumble's prison account for the past six (6) months.

   The initial partial filing fee shall be forwarded to the Clerk of the United States District Court for the Middle District of Pennsylvania, P.O. Box 1148, Scranton, Pennsylvania, 18501-1148, to be credited to the above-captioned docket number. In each succeeding month, when the amount in Crumble's prison trust fund account exceeds $10.00, the Superintendent/Warden, or other appropriate official,

        shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Crumble's prison trust fund account until the fees are paid. Each payment shall reference the above-captioned docket number for this case;

4.     The Clerk of Court is **DIRECTED** to **SEND** a copy of this Order to the Superintendent/Warden of the institution wherein Crumble is presently incarcerated;

5.     The complaint (Doc. 1) is **DEEMED** filed;

6.     The complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE IN PART** and **WITH PREJUDICE IN PART** as follows:

    a.     The complaint, insofar as Crumble asserts a claim under <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), against Defendant J. Berkihiser for allegedly violating the Eighth Amendment to the United States Constitution regarding Crumble's conditions of confinement at Federal Correctional Institution Schuylkill, is **DISMISSED WITH PREJUDICE** for failure to state a claim for relief under 28 U.S.C. § 1915(e)(2)(B)(ii); and

    b.     The complaint, insofar as Crumble asserts state-law claims sounding in negligence under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–80 ("FTCA") against Defendant United States of America ("Government"), is **DISMISSED WITHOUT PREJUDICE** to Crumble filing an amended complaint in accordance with the directions provided below;

7.     Crumble has **<u>thirty (30) days</u>** from the date of this Order to file an amended complaint as to **<u>only</u>** his FTCA claims sounding in negligence against the Government. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Crumble's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial complaint or other papers filed in this case to state a claim. When drafting the amended complaint, Crumble should be mindful of the Court's reasons for dismissing his FTCA claims in his initial complaint, as explained in the accompanying Memorandum. Upon the filing of an amended complaint, the Clerk of Court shall not make service until so ordered by the Court;

8.     If Crumble does not file an amended complaint in accordance with paragraph seven (7) of this Order, the Court will presume that he intends to stand on his original complaint. Crumble's inaction will be deemed as a desire to proceed on

the original complaint under the stand-on-the-complaint doctrine, and this Order dismissing the complaint without prejudice will become final;[1] and

9. The Clerk of Court is directed to **TERMINATE** J. Berkihiser as a Defendant on the docket in this matter.

s/ Yvette Kane<br>
Yvette Kane, District Judge<br>
United States District Court<br>
Middle District of Pennsylvania

---

[1] See Lucas v. Twp. of Bethel, 319 F.3d 595, 600 (3d Cir. 2003) (dismissal without prejudice was final and appealable because plaintiff chose to stand on the complaint); Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992) (holding that plaintiff elected to stand on complaint by failing to amend within specified time period); see also Tiernan v. Devoe, 923 F.2d 1024, 1031 (3d Cir. 1991) (finding appellate jurisdiction over dismissal without prejudice based on statements made in letter brief filed after appeal was initiated).